*Notice: This order is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 24-BG-1045**

IN RE MARC S. ALPERT,
     Respondent.
A Suspended Member of the Bar of the
District of Columbia Court of Appeals
**Bar Registration No. 196386**    **DDN: 2024-D175**

BEFORE: Deahl and Howard, Associate Judges, and Thompson, Senior Judge.

### O R D E R
(FILED – July 23, 2026)

On consideration of the certified copy of an order from the Supreme Judicial Court for Suffolk County, Massachusetts, placing respondent on disability inactive status by consent; this court's January 9, 2026, order maintaining respondent's temporary suspension pending final disposition of this proceeding and directing him to show cause why he should not be suspended pursuant to D.C. Bar R. XI, § 13, in reciprocity with Massachusetts; and the statement of Disciplinary Counsel, in which he requests that respondent's reinstatement be conditioned upon his reinstatement in Massachusetts; and it appearing that respondent has not filed a response to the show cause order or his D.C. Bar R. XI, § 14(g) affidavit; and it further appearing that respondent has not opposed the proposed reinstatement condition, it is

ORDERED that Marc S. Alpert is hereby indefinitely suspended from the practice of law in the District of Columbia pursuant to D.C. Bar R. XI, § 13(e). *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (per curiam) (explaining that the rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate); *In re Stanley*, 769 A.2d 141, 141 (D.C. 2001) (per curiam) (providing that an indefinite disability suspension is the functional equivalent of inactive status based on disability); *In re Nelson*, 677 A.2d 509, 509 (D.C. 1996) (per curiam) (explaining that "we treat suspension by another jurisdiction as one warranting reciprocal discipline" and

No. 24-BG-1045

"functionally identical discipline . . . may be imposed pursuant to D.C. Bar R. XI, § 13(e)" (citation modified)). Reinstatement shall be governed by the requirements of D.C. Bar R. XI, § 13(g), with the one-year period of eligibility for reinstatement to run from the time respondent files his D.C. Bar R. XI, § 14(g) affidavit, and reinstatement shall further be conditioned on respondent's reinstatement in Massachusetts. *See In re Stewart*, 308 A.3d 1204, 1205 (D.C. 2024) (per curiam) (conditioning reinstatement in this jurisdiction on reinstatement in Tennessee where the respondent consented to disability inactive status in Tennessee and did not object to conditioning reinstatement on reinstatement in the originating jurisdiction); *In re Cornish*, 691 A.2d 156, 158 n.3 (D.C. 1997) (per curiam) ("Although our rules are not entirely clear, . . . we appear to have interpreted § 13(g) as making an attorney eligible for reinstatement only after a year has passed, absent court order shortening that interval, and to measure that period dependent upon the filing of the affidavit required by § 14(g).").

**PER CURIAM**